## Case No. 1,633.

In re BONNETT et al.

[19 N. B. R. 168.] [1]

District Court, S. D. New York.   Jan. 23, 1879.

LANDLORD AND TENANT—RENT — USE AND OCCUPATION — BREACH OF CONTRACT — MEASURE OF DAMAGES.

The bankrupts were lessees of the premises in which they carried on business. In June, 1877, they sold to the claimants, by written agreement, for a specified price, the goods and merchandise, including machinery and fixtures, used in the business in the aforesaid premises, and including the right to use the premises until May 1, 1878, without further rent or charge, the same being included in the purchase price. The agreement also contained a covenant for peaceable enjoyment. The bankrupts made default in the payment of rent to the landlord, and the claimants were ejected in November, 1877. The register assessed their damages for breach of the covenant at the rate of rent payable under the bankrupts' lease. *Held*, error; that the proper measure of damage was the fair rental value of the building.

[In bankruptcy. In the matter of Bonnett, Schenck, and Earle. Heard on motion to confirm register's report, which motion was denied.]

C. M. Marsh, for claimants.

H. G. Atwater, for trustee.

CHOATE, District Judge. This is a motion to confirm the report of the register assessing the amount of the damages of the petitioners, Wm. J. Stitt & Co., for breach of a contract between them and the bankrupts. June 9, 1877, the bankrupts made a written agreement by which they sold to Stitt & Co., for the gross price of thirteen thousand and five hundred dollars, certain goods and merchandise, including machinery and fixtures used in their business in a building on the corner of College Place and Park Place in this city, and "including the right to the use of said building from the date thereof to the first day of May, 1878, without any further rent or charge whatever, to said Stitt & Co., such rent or charge being included in said purchase price; and we hereby agree to protect them in full and peaceable enjoyment of said premises until said May 1, 1878."

The full price of thirteen thousand and five hundred dollars was paid to the bankrupts before the commencement of these proceedings in bankruptcy. The bankrupts were lessees of the building, and made default in the payment of rent to their landlord, and Stitt & Co., their sub-tenants, were evicted Nov. 23, 1877. It is for damages on account of this breach of the agreement for their peaceable possession, from Nov. 23d to May 1st, that this claim is made. The register has allowed damages at the rate of the rent payable under the lease of the premises which the bankrupts held. In this I think he is in error. For the injury done to the claimants, by the breach of the agreement, they are entitled to an indemnity. If a cer-

[1] [Reprinted by permission.]

tain sum had been paid by them for the rent in advance, then they would be entitled to damages at the same rate, provided there were no fraud on the landlord's part. This rule of damages in that particular case is settled by authority in the state of New York. Mack v. Patch'n, 42 N. Y. 167. The rent so agreed upon is taken to be the value of the term; but this measure of damages being impossible of application in this case, other tests of value of the thing lost must necessarily be resorted to, and evidence should be taken of the fair rental value of the premises. But the rent reserved in a lease of the same premises held by the vendors, and made at an earlier time, cannot afford any proper measure of the claimants to damages. Is it possible that their damages can be any way greater or less than they would have been if the vendors had supposed they owned the building, and the eviction had been by a party claiming a paramount title? Or should the claimants recover less than the actual value of the premises for the period during which they have been deprived of their use, because their vendors may have had the good fortune to secure a lease at a very low rent, when real estate was much lower than at the time of the agreement? Or should they receive more than a fair indemnity for their loss, because the vendors may have made their lease at a time when rents were higher than at the time this agreement was made? It is argued that it was within the contemplation of the parties that the bankrupts should apply so much of price received as was the equivalent of the rent reserved in the lease for the residue of the term to the payment of that rent, and thus keep good their covenant of quiet enjoyment, and that therefore it may be presumed that, in finding the gross price, the amount added for rent was equal to what the vendor had to pay. But if any presumption as to intention is to be indulged in, it is that the claimants did not give more nor less for the use of the premises included in the entire price paid than they were then fairly worth, and of this the rent their vendor happened to have stipulated to pay to his landlord constitutes no measure, and cannot be presumed to have been the gauge, though by accident it may have been the equivalent of the estimated rental value.

Report referred back to the register for further proceedings under the order of reference.